UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT L. DENT,

    Plaintiff,

v.                              Case No. 5:23-cv-213-TKW/MJF

TOMMY FORD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is Plaintiff's third civil action against Bay County Sheriff Tommy Ford and his employees. Plaintiff, proceeding *pro se*, initiated this civil action under 42 U.S.C. § 1983. Plaintiff asserts that he has a microchip imbedded in his skin and Defendants have failed to protect Plaintiff. Because Plaintiff's claims are frivolous, the undersigned recommends that the District Court dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(i).

### I. Plaintiff's Complaint

Plaintiff claims that Defendants have failed to place Plaintiff in protective custody, have interfered with Plaintiff's legal mail, and are actively attempting to kill Plaintiff. He asserts that they are doing this

because Plaintiff has a microchip embedded in his skin that is "attached to a website 'the mason' and 'free mason' signal." Doc. 13 at 6. Indeed, Plaintiff states that that "these people are trying to take my life about this mason signal." *Id.* He asserts that he has been placed in a lockdown unit where "the masons [are] looking straight at me on camera saying we're gonna kill 'em before he leaves." *Id.* He also claims that Sheriff deputies are monitoring Plaintiff's phone calls because the masons also want to kill anyone that has helped Plaintiff. *Id.* at 7. For relief, Plaintiff wants 1 billion dollars and to have "the signal removed and placed in a safe until [Plaintiff's] court date." *Id.* at 8.

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the court is required to review his complaint for, among other things, frivolity. 28 U.S.C. § 1915(e)(2)(B)(i). A court may dismiss a claim as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

A. <u>**Plaintiff's Complaint Is Frivolous as a Factual Matter**</u>

A claim is factually frivolous when it lacks any arguable basis in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Claims are frivolous as a factual matter when they are based on fantastic, delusional, or incredible "facts." *Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328; *see Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (noting that a claim is factually baseless when the "allegations are sufficiently fantastic to defy reality as we know it").

Here, Plaintiff's factual allegations are based on delusional and fantastic scenarios. He has alleged, among other things:

- he has a microchip in his skin that is "attached to a website 'the mason' and 'free mason' signal."

- "these people are trying to take my life about this mason signal."

- "the masons [are] looking straight at me on camera saying we're gonna kill 'em before he leave[s]."

- the masons want to kill anyone who has helped plaintiff.

Doc. 13 at 6–7.

These allegations are wholly incredible. Furthermore, Plaintiff's requested relief—that "the signal be removed and placed in a safe"—is based on a delusion. Because Plaintiff's complaint is frivolous, and he

cannot cure this frivolity simply by an amendment of his complaint, the District Court should dismiss Plaintiff's complaint. *Gary v. U.S. Gov't*, 540 F. App'x 916, 916 (11th Cir. 2013) (affirming a district court's dismissal of a plaintiff's claims that several "high-level government officials . . . implanted microchips into her body" because the plaintiff's allegations were factually frivolous).

B. **Plaintiff's History of Asserting Frivolous Claims**

In determining frivolousness, a district court also may consider a litigant's history of asserting frivolous claims. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

This is not Plaintiff's first frivolous filing with the United States District Court for the Northern District of Florida. Before the present case, Dent brought two civil actions against the same Defendants named in this suit. The first case was *Dent v. Bay County Sheriff Org., et al.*, No. 5:20-cv-310-TKW/MJF (N.D. Fla. Nov. 6, 2020) ("*Dent I*"). In that case, after providing Plaintiff three opportunities to amend his complaint to state a plausible claim for relief, the undersigned recommended that the case be dismissed for failure to state a claim upon which relief can be granted. *Dent I*, 2022 WL 598356 (N.D. Fla. Feb. 3, 2022). On February

28, 2022, the District Court dismissed *Dent I* after determining that the case not only failed to state a plausible claim but also was frivolous. *Dent I*, 2022 WL 598253 (N.D. Fla. Feb. 28, 2022).

Plaintiff subsequently filed *Dent v. Bailey*, No. 5:22-cv-52-TKW-MJF (N.D. Fla. Mar. 4, 2022) ("*Dent II*"), which contained the same claims as *Dent I*. The undersigned recommended that Plaintiff's complaint be dismissed as malicious because it was an improper "use of the judicial process to file a new lawsuit to relitigate claims that were determined to be frivolous and to lack facial plausibility." *Dent II*, ECF No. 4. The District Court adopted the recommendation and dismissed the action. *Id.* ECF No. 5.

Plaintiff's history of asserting frivolous claims further indicates that Plaintiff is asserting frivolous claims in this civil action and that the appropriate action is dismissal with prejudice.

C.  **Leave to Amend Would be Futile**

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023). "Amendment is *not* warranted" where an

amendment is futile, i.e. "a more carefully drafted complaint could not state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). The undersigned concludes that amendment would be futile because Plaintiff's allegations and claims are based on fantastic and delusional scenarios. Therefore, dismissal without amendment is warranted in this case.

### III. CONCLUSION

The undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), because it is frivolous.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 1st day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to**

**these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**